The order below is hereby signed.

Signed: February 27, 2009.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                          )
                               )
MARTHA J. TALIAFERRO,           )    Case No. 09-00106
                               )    (Chapter 7)
          Debtor.              )    Not for Publication in
                               )    West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER
GRANTING APPLICATION TO WAIVE THE FILING FEE

This court's practice has been to rule upon a fee waiver application upon the written application and the other papers on file. The amount of the fee does not warrant putting a debtor, the debtor's attorney, and the court to the expense of conducting an actual hearing except in unusual circumstances. For reasons discussed below, the debtor's fee application in this case will be granted.

But at the meeting of creditors, the trustee can conduct an inquiry probing more deeply into whether the fee waiver is warranted. A fee waiver should be subject to revocation on a motion of the chapter 7 trustee if circumstances demonstrating that a waiver was unwarranted are discovered after due diligence

by the trustee during the administration of the case, and promptly brought to the court's attention by the trustee's motion.

The debtor's application and the other papers on file show no unusual circumstances that warrant denying her request for a fee waiver based on ability to pay. (The other requirements for a waiver are met.) With respect to the issue of ability to pay, three aspects of her application warrant comment.

I

First, the debtor has substantial equity in her home, an apartment worth $155,000 and subject to liens totaling $23,414. This raises the issue of whether she could pay the filing fee by refinancing her home or selling it.

A.

There is no suggestion in the schedules that the debtor has planned to refinance the property or has a ready ability to do so. The debtor has no disposable income with which to pay any required pre-closing costs of refinancing the property. Moreover, her credit rating may make it difficult for her to obtain financing. There would likely be substantial delay in obtaining refinancing, and no certainty it would be completed by the 180-day deadline of Rule 1006(b) for completing payment of the filing fee in installments. Finally, the costs of refinancing would be disproportionate to the filing fee at issue

2

here. Congress likely intended that a debtor's ability to pay the filing fee is to be based on the debtor's current financial circumstance of how much the debtor is paying on an existing mortgage and other necessary expenses, not based on the possibility that the debtor could embark on the uncertain and extraordinary path of attempting to raise funds via a refinancing of the property to enable her to raise funds by day 180 of the case with which to pay the filing fee.

B.

As to a sale of the property, there is no suggestion in the debtor's schedules that she has entered into a contract for the sale of the property, or a contract to list the property with a broker. The property presumably has not been put on the market. Moreover, the debtor's ability to sell the property is temporarily suspended. The property will not technically cease to be property of the estate and be removed from the estate as exempt property pursuant to 11 U.S.C. § 522(l) until the deadline for objecting to exemptions has expired 30 days after the conclusion of the meeting of creditors, which would be approximately two months after the case commenced (if the meeting of creditors is concluded by the date first set for that meeting). Rule 1006(b) provides for a maximum of 180 days for completing payment of the filing fee in installments. Real estate is an illiquid asset. There is no guarantee that the

debtor would be able to complete a sale of her apartment within 180 days.  A disposition of a debtor's residence would entail substantial transactional delays and costs of disposing of such property, as well as substantial relocation costs.  Congress likely intended that, generally, the fee waiver issue should be addressed in light of the debtor's current ordinary living arrangements, and not by hypothesizing that the debtor could take the extraordinary and uncertain-to-succeed step of attempting to sell the debtor's place of abode in order to pay the filing fee.  See In re Stickney, 370 B.R. 31 (Bankr. D.N.H. 2007).  This is not a case of the debtor having a readily saleable exempt asset (such as an extra car) that is not necessary for the debtor's work and living arrangements.

C.

In conclusion, there are no extraordinary circumstances that warrant denying the application based on the equity in the debtor's real property.

II

Second, the debtor has paid her attorney's fee of $900 in this case.  But the debtor presumably did so at great hardship, as her budget clearly shows no disposable income with which to make such a payment if she were to maintain a minimal standard of living.

III

Finally, the debtor has $250 in cash or bank accounts on hand, but her monthly budget clearly demonstrates that she will need that cash in order to meet her reasonable and necessary living expenses.

IV

Accordingly, it is

ORDERED that the debtor's application is granted, subject, however, to reconsideration upon seasonable motion by the trustee showing that a waiver was unwarranted.

[Signed and dated above.]

Copies to:
Debtor; Debtor's attorney; Chapter 7 Trustee; Office of the United States Trustee.